No. 1,081.

ROCKEBRANDT *v.* THE CITY OF MADISON.

MUNICIPAL CORPORATION.—*City.*—*Power to Make Contracts.*—*Liability for Breach of.*—*Lighting of Streets.*—*Employes.*—A city has the power to operate a plant of its own for the purpose of lighting its streets, and consequently it has the power to purchase all the materials, and employ all the labor necessary for carrying it on. The right to employ labor, etc., is among the general discretionary powers, which are not subject to judicial control except in cases of fraud, or where it is shown that such discretion has been grossly abused to the detriment of public interests; and such contracts, when they do not come within these exceptions, will be upheld.

From the Jefferson Circuit Court.

*C. A. Korbly* and *W. O. Ford,* for appellant.

*S. J. Bear* and *C. E. Walker,* for appellee.

Ross, J.—The appellant brought this action to recover damages for the breach of a contract, alleging that the appellee, through her common council, employed him as a lineman for its electric light system for the term of three years from the 15th day of April, 1892, for which services he was to receive fifty dollars per month.

It is also alleged that the appellant had been in the appellee's service in the same capacity for three years preceding the execution of the contract sued on, it being but a renewal of the previous contract under which he had been working.

It is also alleged that he entered upon his duties under the contract, and was performing the same pursuant to the terms of the contract when the appellee repudiated the contract and refused to be bound thereby.

The complaint also contains the proper allegation with reference to appellant's ability and willingness to perform his part of the contract and the appellee's refusal to permit him to comply therewith.

There are two paragraphs of the complaint, to the first of which a demurrer was originally overruled, and to the second, a demurrer sustained; the demurrer to the first paragraph was sustained later, and these rulings are the only questions presented by the record.

The only material question urged by the appellant, and which we need consider in determining the sufficiency of the complaint, is: Did appellee, through its common council, have power to make the contract sued on?

A municipal corporation is a creature of the statute, a body politic, specially chartered by the State or organized under general legislative authority, and while it may, unless restricted by its charter or legislative enactment, make all contracts necessary to enable it to carry out the powers conferred upon it, yet, if the mode of proceeding is prescribed, or the powers generally limited, such mode must be strictly pursued, and such contracts must be within the limit.

As said by the court, in *City of Indianapolis* v. *Indianapolis Gas, etc., Co.*, 66 Ind. 396: "A municipal corporation, not having either body, limbs, feet or hands, but being merely a legal entity, can not execute its own acts, nor administer its own affairs. To do this it must employ persons, other corporations, or agencies of some kind, and to employ them and to agree to pay them is to make a contract; and if it could not make such contracts, and was not bound thereby, it could not carry on

the purposes or attain the objects for which it was established.''

Under the act of March 3, 1883 (R. S. 1894, section 4301), the common council of any city of this State, incorporated either under the general act for the incorporation of cities, or under a special charter, has power to light its streets, alleys and other public places with electric lights, and may either contract with other corporations, or with individuals, for such lighting, or may operate their own plants. *Rushville Gas Co.* v. *City of Rushville*, 121 Ind. 206; *City of Crawfordsville* v. *Braden*, 130 Ind. 149.

The corporation possessing the power, as it does, either to contract with other corporations or individuals, for the lighting of its streets, or to own and operate a plant of its own for that purpose, has the power, also, to purchase all the materials and employ all the labor necessary for carrying it on. The right to purchase such materials and employ the required labor is a matter exclusively within the sphere of its general discretionary powers, and is not subject to judicial intervention or control except in cases of fraud or when it is shown that such power or discretion is being grossly abused to the detriment or oppression of the public rights or interests. Upon this principle, a contract made by a city, which does not show on its face, that it is oppressive, will not be overthrown by the courts, unless fraud is shown in its making or object.

Many authorities have been cited by both the appellant and the appellee, which each party relies upon as decisive of the question here involved, and yet, although they have had great weight with the court in the decision of this case, they are not decisive of it. We deem it unnecessary to cite each case and draw the distinction between it and the case under consideration, for it would

subserve no good purpose, and would very materially lengthen this opinion.

From the facts alleged in this complaint, the appellant was employed by the appellee as a lineman for a term of three years from April 15, 1892, and that he entered upon, and was performing, the duties which he contracted to perform, and that while in the performance of such duties, under said contract, the appellee "notified him that it would not be bound by said contract, and that it had repudiated all and every part of the same."

Although neither paragraph of the complaint is as specific as is necessary to a clear understanding of the facts relative to the performance of appellant's duties under the contract, the length of time he had been performing such duties when prevented by the appellee, and the nature and extent of his injury, yet we think it states a cause of action entitling him to some relief; hence, the court erred in sustaining the demurrer to each paragraph thereof.

Judgment reversed, with instructions to overrule the demurrer to each paragraph of the complaint, and for further proceedings not inconsistent with this opinion.

Filed Feb. 14, 1894.